HUTCHINSON *v.* WRIGHT.

A copartnership, for whom the defendant was surety on notes due the plaintiff, made a written agreement for a compromise of fifty per cent. with their creditors, among whom were the plaintiff and the defendant, who signed the agreement, which provided for an extension of the time of payment of the notes, and a discharge from indebtedness of the copartnership, personally, on payment of the fifty per cent. The defendant was estopped from denying his assent to the extension of time, and was not thereby discharged from his liability on the notes as surety.

ASSUMPSIT, for the balance of two notes, payable to the plaintiff in one year, and signed by C. S. Peabody & Co. and the defendant. The debt was that of Peabody & Co., and the defendant was surety. After the notes were due, Peabody & Co. suspended payment, and entered into a written agreement with their creditors, including the plaintiff and the defendant, " that the said Peabody & Co. having failed to meet their full liabilities, hereby offer and agree to pay the sum of fifty per cent. of all the unsecured claims as follows,—one third in four months and two thirds in twelve months, both from date hereof,—provided they are allowed to continue on in their business of lumbering at Gorham during said time of payment. * * * And the said creditors, on the other part, agree to take said sum of fifty per cent. in manner and form as heretofore offered, and, at the end of said time of one year, to release and discharge all the claims against said company so far as C. S. Peabody & Co. personally are concerned, provided the fifty per cent. is fully paid as offered and agreed." The plaintiff and defendant were present, and acted at a meeting for arranging a plan of compromise, and subsequently signed the agreement. The first payment of the fifty per cent. provided for was made, after which Peabody & Co. went into bankruptcy. The plaintiff claimed that the defendant, by signing the agreement, was estopped from denying that he assented to the plaintiff's agreement to extend the time of payment of the notes, and requested that a verdict be ordered, and, on refusal, requested an instruction according to his claim, which was also refused. The question of the defendant's assent to the extension of time of payment was submitted to the jury, and the plaintiff excepted.

*Ladd & Fletcher*, for the plaintiff.

*A. S. Twitchell* and *Ray, Drew & Jordan*, for the defendant.

ALLEN, J. The agreement for a compromise between Peabody & Co. and their creditors, signed by the plaintiff, extended the

time of payment of the plaintiff's notes, and, being on a good consideration, released the defendant from further liability as surety, unless he consented to the agreement *(Crosby* v. *Wyatt,* 10 N. H. 318, 324, *Watriss* v. *Pierce,* 32 N. H. 560), or unless, as a part of the agreement, his liability was reserved. *Viele* v. *Hoag,* 24 Vt. 46; *Blackstone Bank* v. *Hill,* 10 Pick. 129; 1 Par. N. & B. 241. The defendant signed the agreement, and assented to all there was in it. He assented that all creditors signing the agreement should receive, at a future day named, fifty per cent. of their debts in full discharge. In assenting to this, he assented to the plaintiff's making the same agreement. He not only assented to the extension of time of payment agreed to by the plaintiff, but he also assented to a reservation of his own liability as surety, by signing the instrument which provided that the claims of creditors against Peabody & Co., so far as they were personally concerned, should be released on the payment of the fifty per cent. The limitation of the agreement to claims against the debtors "personally," was an exclusion of the plaintiff's claim against the defendant as surety, and saved his liability.

The agreement for a compromise being in writing, its construction, meaning, object, and effect devolved on the court to determine, and were not within the province of the jury. No question of fraud being suggested, and there being no ambiguity in the terms of the instrument, it could not be varied or controlled by parol evidence of the intention or understanding of the parties to it. It being plain that one effect of the agreement was to extend the time of paying the plaintiff's notes, and that the defendant assented to this by signing the paper, he could not afterwards be heard to say that he did not assent to it. No question being made of the defendant's signing the paper, nor of fraud, and the evidence being conclusive of the defendant's assent to whatever the plaintiff did, either in extending the time of payment or in any way varying the original contract, there was nothing, as the case shows, from which the defendant's discharge from liability as a surety could be inferred. The plaintiff was entitled to his request for a verdict for the amount due on the notes.

*Exceptions sustained.*

STANLEY, J., did not sit: the others concurred.